David C. Singer (DS-1358)
Eric B. Epstein (EE-8992)
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177
(212) 415-9200

*Attorneys for Respondents Cornerstone
Strategic Management Limited and Cornerstone
Overseas Investments Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Arbitration between<br><br>Akin Bay Company LLC,<br><br>　　　　　　　　　　Petitioner,<br><br>　　　　　　and<br><br>Cornerstone Strategic Management Limited and<br>Cornerstone Overseas Investments Limited,<br><br>　　　　　　　　　　Respondents. | 07 CV 7170 (RJS) |

## ANSWER TO PETITION

In answer to the Petition (the "Petition"), Respondents Cornerstone Strategic Management Limited ("CSML") and Cornerstone Overseas Investments Limited ("COIL") (collectively, "Respondents"), through their attorneys Dorsey & Whitney LLP, state as follows:

　　　　1.　　　Respondents lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore deny those allegations.

　　　　2.　　　Respondents deny that the address of their principal place of business is currently as set forth in Paragraph 2 in the Complaint. Respondents otherwise admit the allegations in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Petition states legal conclusions or arguments to which no response is required. To the extent a response is required, Respondents deny the allegations set forth in Paragraph 3 of the Petition.

4. Respondents deny the allegations in Paragraph 4 of the Petition, and refer the Court to the referenced "Wham-O Agreement" for the content thereof.

5. Respondents deny the allegations in Paragraph 5 of the Petition, and refer the Court to the referenced "April 1 Agreement" for the content thereof.

6. Paragraph 6 of the Petition states legal conclusions or arguments to which no response is required. To the extent a response is required, Respondents deny the allegations set forth in Paragraph 6 of the Petition, and refer to the Court to the referenced agreements for the content thereof.

7. Paragraph 7 of the Petition states legal conclusions or arguments to which no response is required. To the extent a response is required, Respondents deny the allegations set forth in Paragraph 7 of the Petition, and refer the Court to the referenced agreements for the content thereof.

8. Respondents deny the allegations in Paragraph 8 of the Petition.

9. Respondents admit the allegations in Paragraph 9 of the Petition.

10. Respondents admit the allegations in Paragraph 10 of the Petition.

11. Respondents admit the allegations in Paragraph 11 of the Petition.

12. Respondents deny the allegations in Paragraph 12 of the Petition, and refer the Court to the referenced "Interim Awards" for the content thereof.

13. Respondents deny the allegations in Paragraph 13 of the Petition, and refer the Court to the referenced "Interim Awards" for the content thereof.

14. Respondents deny the allegations in Paragraph 14 of the Petition, and refer the Court to the referenced "Interim Awards" for the content thereof.

15. Respondents deny the allegations in Paragraph 15 of the Petition.

16. Respondents deny the allegations in Paragraph 16 of the Petition, and refer the Court to the referenced "Interim Awards" for the content thereof.

17. Respondents deny the allegations in Paragraph 17 of the Petition.

18. Respondents deny the allegations in Paragraph 18 of the Petition, and refer the Court to the referenced correspondence for the content thereof.

19. Respondents deny the allegations in Paragraph 19 of the Petition, and refer the Court to the referenced agreements and "Interim Awards" for the content thereof.

## FIRST AFFIRMATIVE DEFENSE

20. The claimed amounts have been paid.

## SECOND AFFIRMATIVE DEFENSE

21. Pursuant to the applicable arbitration provisions and the referenced Interim Awards, any disputes as to the timeliness and/or amount of any reimbursement of Akin Bay's Expenses are to be decided by the Arbitrator.

## THIRD AFFIRMATIVE DEFENSE

22. The Arbitrator has reserved the right to set a final fee which may require disgorgement of all or some of the fees paid to Petitioner on an interim basis.  Therefore, confirmation of any of the Arbitrator's decisions regarding the payment of fees is premature and should await notification of the Court that the final award in the Arbitration has been rendered, which will of necessity supercede the referenced Interim Awards.

WHEREFORE Respondents respectfully request that the Court:

1. Dismiss the Petition to the extent that it seeks an order and entry of judgment for $113,282 plus prejudgment interest;

2. Dismiss the Petition to the extent it seeks an order confirming the referenced Interim Awards, or, in the alternative, defer consideration of this aspect of the Petition until after the Court has been notified that a final award in the Arbitration has been rendered.; and,

3. Grant such other relief as may be just and proper.

Dated: September 28, 2007                    DORSEY & WHITNEY LLP

                                               By    /s/ Eric B. Epstein
                                                       David C. Singer (DS-1358)
                                                       Eric B. Epstein (EE-8992)
                                             250 Park Avenue
                                             New York, New York 10177
                                             (212) 415-9200

*Attorneys for Respondents Cornerstone Strategic Management Limited and Cornerstone Overseas Investments Limited*